UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 5:12-CR-28-JMH-HAI |
| v. | ) | No. 5:13-CV-07309-JMH-HAI |
| | ) | |
| JOSE ELIGIO PINEDA-PARADA, | ) | |
| | ) | RECOMMENDED DISPOSITION |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 9, 2013,[1] pro se Defendant Jose Eligio Pineda-Parada filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 46. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), the Motion was referred to the undersigned for a recommended disposition. For the reasons that follow, Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his Motion be **DENIED**, and that no certificate of appealability be issued.

### 1. BACKGROUND

#### A. Pre-trial Proceedings

On February 23, 2012, a federal grand jury returned an indictment as to Defendant Jose Eligio Pineda-Parada. D.E. 1. The sole count of the indictment charged Defendant with, after having been deported from the United States subsequent to a conviction for commission of an

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Pineda-Parada affirmed under penalty of perjury that he placed the Motion in the prison mailing system on September 9, 2013.

aggravated felony, knowingly and unlawfully entering the United States without consent, all in violation of 8 U.S.C. § 1326(a) and (b)(2). *Id*. at 1-2. Defendant faced a statutory maximum of twenty years of incarceration, not more than a $250,000 fine, and a term of supervised release of not more than three years. *Id*. at 3; *see* 8 U.S.C. § 1326(b)(2); 18 U.S.C. § 3571(b)(3); 18 U.S.C. § 3583(b)(2).

Magistrate Judge Robert E. Wier presided over Defendant's initial appearance on February 28, 2012, and appointed Elizabeth Snow Hughes as Defendant's attorney pursuant to the Criminal Justice Act after finding that Defendant qualified for such an appointment. D.E. 5. District Judge Joseph Hood arraigned Defendant on March 1, 2012, at which time Defendant pleaded not guilty. D.E. 7. Judge Hood assigned the case for a jury trial on April 17, 2012. *Id*.

Upon motion of Defendant to continue the trial (D.E. 12), Judge Hood held a motion hearing on April 10, 2014, and granted a continuance of two weeks until May 1, 2012. D.E. 14. Benjamin D. Allen stood in for Ms. Hughes at this hearing. *Id*.

### B. Jury Trial, Sentencing, and Appeal

On the morning of trial, prior to the jury entering the courtroom, Ms. Hughes informed Judge Hood that Defendant was dissatisfied with counsel. D.E. 24. She stated that Defendant would like Judge Hood to appoint new counsel, or, in the alternative, allow Defendant to speak with his family to determine whether they had the means to retain counsel. D.E. 62 at 2-3. Because the trial date had already been continued once, and because he had not been made aware of Defendant's desire to be represented by different counsel prior to the morning of the trial despite the fact that a hearing was held five days earlier, Judge Hood denied that request. *Id*. at 3-4.

Defendant was convicted of the charge in the indictment after a one-day jury trial. D.E. 24; D.E. 27. He received a sentence of imprisonment for a term of 92 months. D.E. 33. Defendant appealed, arguing that his sentence was procedurally and substantively unreasonable. D.E. 44 at 1. The Sixth Circuit affirmed in a decision filed on April 26, 2013. *Id*.

### C. Collateral Attack

In his section 2255 Motion, Defendant asserts two grounds for relief. In Ground One, Defendant argues that defense counsel failed to research the relevant facts and law of the case. D.E. 46 at 4. As a result, he argues, he was led to believe that he had an "opportunity to prevail at trial … [because] there was a pastor and a teacher in the jury that would have compassion on him and help him to be immediately deported to his country of origin." *Id*. Furthermore, he alleges that he was misled as to his potential sentence exposure. *Id.* In Ground Two, citing specifically the Sixth Amendment, Defendant alleges that he was denied the right to counsel of choice. *Id*. at 5. He challenges the District Judge's decisions to decline to appoint him new counsel upon learning of his dissatisfaction, and to deny him a continuance in order to consult his family to determine whether they could afford to retain counsel. *Id*.

Defendant also raises for the first time in an affidavit attached to his reply brief that counsel failed to raise objections, as instructed by Defendant, to the Presentence Investigation Report prepared by the United States Probation Office.

Defendant requests that the judgment of conviction be vacated, and that he be given the opportunity to enter a guilty plea. *Id*. at 13. Further, he requests in his reply that the Court grant him an evidentiary hearing to determine the content of certain discussions between him and counsel. D.E. 74 at 1.

## II. Discussion

### A. Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### B. Procedurally Defaulted Claims

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*,

523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). As such, Defendant was required to bring his claim under Ground Two on direct appeal or default that claim. For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700; *Phillip*, 229 F.3d at 552. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley,* 523 U.S. at 623.

Defendant has not offered any cause for why he did not appeal the District Judge's decisions denying him new counsel and denying the requested continuance to retain new counsel. Therefore, Defendant's claims under Ground Two are procedurally defaulted and will not be considered on their merits.

### C. Claims and Facts Raised for First Time in Reply Brief.

The Sixth Circuit has consistently held that arguments made for the first time in a reply are waived. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir.2010) (citing *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir.2004)); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (stating "we have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses."). In an affidavit filed with his reply brief, Defendant asserts an additional argument that his counsel was ineffective for failing to raise certain objections to the Presentence Investigation Report. D.E. 74-1 at 3. Additionally, Defendant asserts for the first time that his counsel was ineffective for failing to alert the District Court to his dissatisfaction with counsel (D.E. 74 at 4-6; D.E. 74-1 at 2-3). Because these arguments were first raised in his reply brief, they are waived.

To the extent that Defendant, in his reply, seeks to expand his claims in Ground Two to involve an assertion of ineffective assistance of counsel for failure to advocate more vehemently in favor of the appointment of new counsel or in favor of a continuance so that Defendant could explore his family's ability to retain counsel, such claims fail for the reasons discussed below.

### D. Ineffective Assistance of Counsel

To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

### i. Claims under Ground One

Defendant's assertion of ineffective assistance of counsel in Ground One for failure to research the relevant facts and law of the case involves two components. First, Defendant argues that his counsel was ineffective for leading him to mistakenly believe that he had an opportunity to prevail at trial. He claims that cousel advised him that "a pastor and a teacher in the jury would have compassion on him and help him to be immediately deported to his country of origin." Second, Defendant claims that he was misled about the sentencing range he would be exposed to if convicted at trial. He asserts that he was informed by counsel that he would be facing a sentencing range of 42-52 months if found guilty following a trial. D.E. 74-1 at 2.[2]

To evaluate an ineffective assistance of counsel claim in this context, the Sixth Circuit has adopted the *Strickland* standard as applied by *Hill*. *See Griffin v. United States*, 330 F.3d 733, 736-37 (6th Cir. 2003). In order to demonstrate prejudice, a defendant must show "that there is a reasonable probability the petitioner would have pleaded guilty given competent advice." *Id.* at 737. "[A] substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient to establish a reasonable probability"

---

[2] Defendant originally stated in his Motion, under penalty of perjury, that he was informed by his counsel that he would face a sentence of 40 months if he were to lose at trial. D.E. 46 at 4.

7

when a defendant has established deficient performance. *Id*. (citing *Dedvukovic v. Martin*, 36 F. App'x 795, 798 (6th Cir. 2002)).

Defendant's claim that he was led to believe that he had a chance to prevail at trial is frequently contradicted by his reply brief and affidavit. He states that he "knew full well that he had entered into the United States illegally," and the he was "convinced of his own guilt." D.E. 74 at 2, 4. Even though Defendant asserts that he "clearly understood that [his] mere presence in these United States were [sic] sufficient for a finding of guilt," (D.E. 74-1 at 2), and that it was always his intention "to accept a favorable plea agreement," (*id.*), he states in the very same paragraph that he was "reluctant to accept *any* proffered plea agreement, due to previous experiences with appointed counsel." *Id*. at 1 (emphasis added). In sum, Defendant's claim of having received faulty advice from counsel to proceed to trial is contradicted by his own indications that he was "convinced of his own guilt," and chose to proceed to trial not because of counsel's advice, but because he disregarded that advice.

Furthermore, his counsel repeatedly and adamantly assert that they advised him to accept "what [they] believed was a favorable plea agreement," and that Defendant was unwilling, "even after the United States agreed to make revisions that benefitted him." D.E. 65-1 at 2. Ms. Hughes states that Defendant "consistently admitted that he had no defense," and that she and Mr. Allen "emphasized that, without a defense, the penalties in the event of a conviction at trial would definitely be greater than if he entered a plea." *Id*. Finally, Ms. Hughes states, "[b]oth Mr. Allen and I counseled Mr. Pineda-Parada quite firmly against proceeding to trial." *Id*. at 3. Mr. Allen states that, "Ms. Hughes and I advised Mr. Pineda-Parada on numerous occasions that the United States had sufficient evidence to convict him of the crime [charged], that he would not, in fact, succeed at trial, and that he should accept the plea agreement offered by the United

8

States." *Id*. at 5-6. Mr. Allen states that Defendant "insisted on taking his case to trial," up to and including the morning that the trial was to begin, "stating the matter was 'in God's hands.'" *Id*. at 6.

Defendant has not demonstrated that he was given detrimental advice. Instead, he has admitted that he was hesitant to follow the advice of counsel despite the fact that he was convinced of his own guilt. His mistrust of counsel does not qualify as deficient performance, and this claim therefore fails.

Further, Defendant's allegation that counsel advised him that a pastor and a teacher on the jury would have compassion on him and facilitate his deportation to El Salvador is without merit. Defendant admits that he had no defense and rejected the plea offer due to mistrust of counsel. How he could also rely on counsel's advice about potentially sympathetic jurors is a mystery. The point is that Defendant cannot establish prejudice concerning this claim because he admits he went to trial, without a defense, because he did not trust counsel's advice concerning a plea. He therefore has not established a reasonable probability that he would have accepted the plea offer in the absence of being told some jurors might be sympathetic to him.

Defendant argues in his second claim under Ground One that his counsel was ineffective because he was misled about his potential sentencing exposure if convicted at trial. D.E. 46 at 4. He argues that "there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would <u>not</u> have insisted on going to trial." D.E. 74 at 4. To establish ineffective assistance when a petitioner claims that his counsel did not provide professional guidance regarding sentencing exposure, "a modified *Strickland* standard applies requiring the defendant to prove (1) that his counsel's performance was objectively deficient, and (2) that but for his counsel's erroneous advice, there is a reasonable probability that he would have accepted

9

a plea." *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003) (citing *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001)).

Defendant argues that he was erroneously informed by Mr. Allen that he would be exposed to a sentencing range of 42-52 months if found guilty at trial. D.E. 74-1 at 2. Ms. Hughes, in contrast, asserts that she and Mr. Allen "spent a significant amount of time discussing the possible sentencing guidelines with Mr. Pineda-Parada," but did not "guarantee him any particular sentence in the event of conviction, whether by plea or by jury verdict." D.E. 65-1 at 2-3. She further states that she and Mr. Allen "did assure him, however, that whatever his criminal history category and adjusted offense level turned out to be, his sentence would be greater if he was convicted after a trial, because of the loss of credit for acceptance of responsibility." *Id*. at 3. Likewise, Mr. Allen stated that he and Ms. Hughes "relayed the terms of a revised plea agreement to Mr. Pineda-Parada and advised him to accept the terms of the same so he could receive a three-level reduction in his sentencing level." *Id*. at 6. This evidence demonstrates that counsel did, in fact, discuss potential guidelines ranges with Defendant, though the content of those discussions is in dispute.

Even assuming, arguendo, that Defendant is correct—that is, that Ms. Hughes and Mr. Allen informed him that he would be subject to a guidelines range of 42-52 months if convicted at trial—his claim of deficient performance would fail. This Court, citing *Thomas v. United States*, 27 F.3d 321, 325-326 (8th Cir. 1994), has found that "an inaccurate guideline-range prediction by an attorney will generally not meet the requirement of deficient performance under *Strickland*." *United States v. Elliot*, No. 6:06-CR-101-DCR-1, 2011 WL 1793385, at *10 (E.D. Ky. March 16, 2011) (Report and Recommendation adopted by *United States v. Elliot*, No. 6:06-101-DCR, 2011 WL 1793384 (E.D. Ky. May 11, 2011)). In *Thomas*, the Eighth Circuit held that

a lawyer's representation of a defendant did not fall below an objective standard of reasonableness despite the fact that the defendant was not advised before entering a plea that he qualified for the career offender sentencing enhancement. *See Thomas*, 27 F.3d at 326 (holding that a defendant's "right to be apprised of the court's sentencing options is no greater than the provision of Fed. R. Crim. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences.").

Moreover, "'[b]ad advice about the length of a sentence rarely supports a finding of ineffective assistance of counsel.' *Bibbs v. United States of America,* 2005 WL 3416476 (E.D. Tenn. Dec.13, 2005) (citing *United States v. Penn–Harris,* 2001 WL 34083519, at *2 (C.D. Ca. Feb.9, 2001)). As a general matter, an attorney's inaccurate prediction about a possible sentence usually does not satisfy the deficiency prong of *Strickland. Bibbs,* 2005 WL 34016476, at *5 (citing *United States v. Martinez,* 169 F.3d 1049, 1053 (7th Cir.1999) (stating 'an attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of ineffective assistance of counsel claim') (citation omitted))." *Salas v. United States*, No. 2:06-CR-18, 2012 WL 4052378, *7 (E.D. Tenn. Sept. 13, 2012). Defendant has therefore failed to establish deficient performance.

### ii. Claims under Ground Two

Defendant next asserts that his counsel was ineffective, in violation of the Sixth Amendment, for failure to advocate more vehemently on the morning of trial both in favor of appointment of new counsel, and in favor of a continuance so that Defendant could have explored his family's ability to retain counsel. More specifically, Defendant argues that Ms. Hughes provided inadequate assistance by failing to prepare prior to trial "on the issue of Pineda's right to counsel of choice." D.E. 74 at 7.

Defendant is mistaken in his belief that he had a right to counsel of choice. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *Gonzalez v. Lopez*, 548 U.S. 140, 144 (2006). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id*. at 151. Because Defendant required court-appointed counsel, as he requested at his initial appearance (D.E. 5), he did not have the right to counsel of choice. Therefore, Defendant cannot show prejudice. Further, because Ms. Hughes did in fact bring Defendant's dissatisfaction to the District Court's attention and did not err in her assessment of the law, he has not demonstrated deficient performance; instead, he merely complains about the Court's ruling.

With regards to Defendant's second claim under Ground Two, Defendant's filings contain little more than a conclusory assertion that counsel was ineffective for failing obtain a continuance of the trial in order for Defendant to attempt to retain counsel. While Defendant thoughtfully argues that the District Court abused its discretion in denying the requested continuance, that claim was procedurally defaulted as discussed above. That procedural default will not be excused simply because Defendant frames this claim within a claim of ineffective assistance of counsel.

### III. AN EVIDENTIARY HEARING IS NOT REQUIRED

In his reply brief, Defendant requests an evidentiary hearing. D.E. 74 at 1. Specifically, Defendant asserts that he is entitled to such a hearing because he submitted an affidavit along with his reply raising "certain issues of dispute." *Id*. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United*

*States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Because the record conclusively shows that petitioner is entitled to no relief, an evidentiary hearing is not required.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to each and every claim presented by Defendant. However, no reasonable jurist would find the assessments

above to be wrong or debatable; thus, no Certificate of Appealability should issue. Moreover, Ground Two of Defendant's motion is procedurally barred, but no jurist of reason would find that the question of whether the motion states a valid claim of the denial of a constitutional right is debatable. Nor would any jurist of reason find the correctness of the procedural ruling above to be debatable.

## V. Recommendation

For the reasons discussed above, the Court concludes that Defendant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion to vacate. Because the filings and records establish conclusively that Defendant is not entitled to relief on the denied grounds, the Court need not conduct an evidentiary hearing. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to all claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of October, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge